# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| GARY ORR, GWENDOLYN HAWKINS, and KIMBERLY CHAPPELL, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| | ) No: _____ |
| vs. | )<br>)<br>) |
| ANGEL EMERGENCY MEDICAL SERVICES, LLC and DEWAYNE WILSON, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), Plaintiffs file this lawsuit against Defendants and for their cause of action state as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant Angel Emergency Medical Services, LLC ("Angel EMS") is a limited liability company formed under the laws of Georgia. Its principal office is located in Fort Oglethorpe, Georgia. Its registered agent for service of process is Dewayne Wilson, 337 S. Cedar Lane, Fort Oglethorpe, Georgia, 30742.

3. Defendant Angel EMS provides emergency and non-emergency transportation services to customers in the North Georgia and Chattanooga, Tennessee areas, including ambulance service and non-emergency transport of customers to medical facilities. Defendant employs drivers who transport customers in vehicles owned and/or leased by Defendant.

4. Defendant DeWayne Wilson is the owner/member of Angel EMS and has operational control of the company.

5. Plaintiffs were employed by Defendant Angel EMS at various times during 2011, 2012 and 2013. While Plaintiffs were employed by Defendant, they each worked as a driver and transported passengers to medical doctors' offices and other medical facilities in vans provided by Defendant. Plaintiffs transported these passengers in the North Georgia and Chattanooga areas.

6. Plaintiffs routinely drove vans that weighed less than 10,001 pounds and had a capacity of fewer than eight passengers.

7. While Plaintiffs were employed by Defendant Angel EMS, they routinely worked overtime hours of more than 40 per workweek for which they were not paid overtime compensation of one and one-half times their regular rate of pay.

8. Specifically, Defendant routinely required Plaintiffs to work off the

clock; altered Plaintiffs' time records to delete overtime hours worked; and "rolled over" overtime hours worked during one week to another workweek.

9. Defendant Angel EMS transports passengers across state lines. Accordingly, at all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant had annual gross volume of sales which exceeded $500,000.00.

10. While Plaintiffs worked for Defendant Angel EMS, each Defendant was an "employer" of Plaintiffs as defined by Section 203(d) of the FLSA.

11. While Plaintiffs worked for Defendant Angel EMS, each Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

12. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

13. While Plaintiffs were employed by Defendants, they were entitled to overtime wages at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

14. Defendants' failure to pay Plaintiffs overtime wages of one and

one-half times their regular rate of pay for all overtime hours worked was a violation of Section 207 of the FLSA.

15. Defendants' violation of Section 207 of the FLSA was willful. Specifically, Defendants were well aware of their obligation to pay Plaintiffs overtime pursuant to the FLSA, or recklessly disregarded their legal obligations.

16. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiffs for overtime back pay.

17. In addition to the amount of unpaid overtime wages owing to Plaintiffs, Plaintiffs are also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

18. Plaintiffs are entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

WHEREFORE Plaintiffs pray for a judgment for damages against Defendants that includes the following:

(a) Overtime back pay;

(b) Liquidated damages in an amount equal to their overtime back pay;

(c) Reasonable attorney's fees;

(d) The costs and expenses of this action; and

(e) All further general legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.
GA Bar #387630
4525 Harding Road
Suite 200
Nashville, Tennessee 37205
(615) 313-8188
Facsimile: 615-313-8702
rsjackson@rsjacksonlaw.com

/s/John R. McCown
John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way
Suite 208
Dalton, GA 30721
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com

Attorneys for Plaintiff